# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **NGOZI AZUBUIKE and** § <br> **SAMUEL AZUBUIKE,** § <br> Plaintiffs, § <br> § Civil Action No. 3:19-CV-1610-N-BH <br> v. § <br> § <br> **SELECT PORTFOLIO SERVICING, INC.,** § <br> Defendant. § Referred to U.S. Magistrate Judge[1] | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is *Defendant's Motion for Summary Judgment and Motion for Judgment on the Pleadings*, filed February 4, 2020 (doc. 12). Based upon the relevant filings and applicable law, the motion for judgement on the pleadings should be **GRANTED in part**, and the plaintiffs' claims should be dismissed with prejudice.

## I. BACKGROUND

This case involves the attempted foreclosure of real property located at 4593 Mountain Laurel Drive, Grand Prairie, Texas 75052 (Property). (*See* doc. 1-4.) On December 1, 2004, Ngozi Azubuike (Azubuike) individually executed an Adjustable Rate Note (Note) in favor of CreveCor Mortgage, Inc. (CreveCor) for a loan in the principal amount of $276,350.00. (doc. 14-2 at 1.)[2] The Note is indorsed in blank and currently held by Legacy Mortgage Asset Trust 2018-GS1 (Legacy).[3] (*Id.* at 10.) Azubuike and her husband (collectively Plaintiffs) contemporaneously executed a deed

---

[1]By Special Order No. 3-251, this foreclosure case was automatically referred for full case management, including the determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3]As reflected in a series of allonges to the Note, CreveCor assigned the Note to HSBC Mortgage Services, Inc. (HSBC), HSBC then assigned the Note to LSF8 Master Participation Trust (LSF8), and LSF8 subsequently indorsed it in blank. (*See* doc. 14-2 at 8-10.)

of trust (Deed of Trust) that granted a security interest in the Property to CreveCor to secure repayment under the Note. (doc. 14-3 at 1-2.)

Under the terms of the Deed of Trust, Plaintiffs would be in default if they failed to timely pay the full amount of each required monthly payment, and subject to acceleration of the loan and foreclosure proceedings on the Property. (*Id*. at 7.) On January 30, 2012, Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for CreveCor, executed a Corporate Assignment of Deed of Trust assigning the Deed of Trust to HSBC. (doc. 14-4 at 1-2.)[4] On November 14, 2013, HSBC executed an Assignment of Mortgage/Deed of Trust to LSF8, which executed a Corporate Assignment of Deed of Trust to Legacy on December 28, 2018. (*Id.* at 3-5.) Select Portfolio Servicing, Inc. (Defendant) is the servicer of Plaintiffs' mortgage. (docs. 1-4 at 4;13 at 8.)

Beginning July 1, 2018, Plaintiffs failed to submit their required monthly payments and were held in default. (docs. 13 at 8; 14-5 at 3.) On September 10, 2018, Defendant sent Azubuike a notice of default letter (Notice of Default) as required under the Note and Deed of Trust. (*See* doc. 14-5.) The Notice of Default explained that Plaintiffs were in default for failure to make required payments, and that the maturity date of the Note and Deed of Trust would be accelerated if the default was not cured on or before October 13, 2018. (*Id.* at 2-3.) On May 13, 2019, Defendant's counsel sent Azubuike a notice of acceleration and posting (Notice of Acceleration) explaining that Plaintiffs had failed to cure the default, and the maturity date under the loan documents had been accelerated as a result. (doc. 14-6 at 2-3.) Also included was a notice of trustee's sale (Notice of Trustee's Sale) notifying Plaintiffs that the sale of the Property was scheduled to occur on July 2, 2019. (*Id.* at 6-8.)

On June 27, 2019, Plaintiffs filed this suit against Defendant in the 101st District Court of

---

[4]The Deed of Trust named MERS as the nominee for Lender and its successors and assigns and as the beneficiary of the Deed of Trust. (*See* doc. 14-3 at 2.)

2

Dallas County, Texas. (*See* doc. 1-4.) The petition alleges that Defendant is a mortgage servicer and debt collector, and that it had "promised Plaintiffs assistance of their loans on the home." (*Id.* at 2-3.) Plaintiffs claim they submitted requests for mortgage assistance applications with supporting documentation, but when they contacted Defendant "several times" about their application status between September 2018 and December 2018, they were told it was still pending. (*Id.*) On May 22, 2019, Defendant "summarily dismissed the application as ineligible for the options selected" and failed to provide Plaintiffs "alternative eligible assistance options." (*Id.*) Plaintiffs sent Defendant correspondence about their delinquency and again requested mortgage assistance two days later, but Defendant failed to process their application request or determine their eligibility for mortgage assistance programs. (*Id.*) When they attempted to make payments on their mortgage account, Defendant refused their payments and failed to credit their account with those payments. (*Id.*) On June 6, 2019, Defendant notified Plaintiffs that their interest rate would be adjusted effective August 1, 2019, but they were "unaware of having agreed to upward interest rate adjustment with [ ] Defendant." (*Id.*)

Alleging wrongful foreclosure, Plaintiffs assert claims for breach of contract and for violations of the Texas Debt Collection Protection Act (TDCPA) and the Texas Deceptive Trade Practices Act (DTPA). (*Id.* at 4-5.) They seek $20,000 as a civil penalty for violations of the TDCPA and DTPA, $40,000 in compensatory damages, pre-judgment interest, an order that Defendant "restore all money or property taken from Plaintiff[s] (consumer) by means of unlawful acts or practices," and a temporary restraining order to enjoin the scheduled foreclosure sale on the Property. (*Id.* at 5-6, 8-11.) On July 1, 2019, the state court issued a temporary restraining order, and the foreclosure sale was canceled. (*See* doc. 1-7.) Defendant subsequently removed the action

3

to federal court on grounds of diversity jurisdiction under 28 U.S.C. § 1332 on July 3, 2019.  (*See* doc. 1.)

On February 4, 2020, Defendant moved for summary judgment and for judgment on the pleadings. (docs. 12-14.)  Plaintiffs did not respond.[5]

## II.  MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant argues that its motion for judgment on the pleadings should be granted because Plaintiffs fail to assert a plausible claim for relief. (*See* doc. 13.)

**A.  <u>Legal Standard</u>**

Parties may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c).  Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props.*, Ltd., 914 F.2d 74, 76 (5th Cir. 1990)).  The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *see also Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 793-94 (N.D. Tex. 2013) (citing *id.*) ("As with a Rule 12(b)(6) motion, the question under Rule 12(c) is whether the plaintiff is entitled to offer evidence to support his claim, not whether he will ultimately prevail on the merits.").

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the

---

[5]On September 30, 2019, Plaintiffs' counsel's motion to withdraw was granted (doc. 7), and Plaintiffs are now proceeding *pro se*.

4

face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555*; accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probably requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the

5

pleadings," a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). "If ... matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Accordingly, documents falling in these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Defendant attaches to its motion copies of the Note, the allonges to the Note, the Deed of Trust, the assignments of the Deed of Trust, the Notice of Default, the Notice of Acceleration, and the Notice of Trustee's Sale. (*See* doc. 14.) Because all of these documents are either referenced in Plaintiffs' petition or are central to their general theory of the case, they are considered part of the pleadings. *See Collins*, 224 F.3d at 498. Conversion of Defendant's motion for judgment on the pleadings into a summary judgment motion is therefore unnecessary.

**B.     TDCPA**

Defendant argues that Plaintiffs fail to allege sufficient facts to state claims for violations of the TDCPA. (doc. 13 at 12.)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Merryman v. JP Morgan Chase & Co.*, No. 3:12-CV-2156-M, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012). A claimant must show: (1) the debt is a consumer debt; (2) the defendant is a debt collector, as defined under the TDCPA; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. Tex. Fin. Code §§ 392.001-.404. The TDCPA defines a "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection." *Id*. § 392.001(6). "Debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id*. § 392.001(5). This can include "actions taken in foreclosing real property." *See Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *7 (N.D. Tex. Feb. 21, 2012) (citation omitted).

   1.    ***Section 392.303(a)(2)***[6]

Section 392.303(a)(2) of the Texas Finance Code prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect "interest or a charge, fee, or expense incidental to the [debt] obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Tex. Fin. Code § 392.303(a)(2). "To state a claim under Section 392.303(a)(2), a plaintiff must make more than a general assertion of 'wrongful charges' and must identify the unauthorized fees or penalties that a defendant imposed." *Adams v. U.S. Bank, N.A.*, No. 3:17-CV-723-B-BN, 2017 WL 10296307, at *10 (N.D. Tex. Dec. 4, 2017), *adopted by* 2018 WL

---

[6]Plaintiff cites this section as § 392.303(2).

7

4621770 (N.D. Tex. Jan. 3, 2018) (citations omitted).

Here, Plaintiffs contend that Defendant violated § 392.303(a)(2) by collecting or attempting to collect "interest or charge interest, fee, or expense incidental to the obligation when the interest or incidental charge, fee, or expense is not expressly authorized by the agreement creating the obligation or legally chargeable to [them]." (doc. 1-4 at 4.) Plaintiffs fail, however, to identify the specific unauthorized interest, fee, or expense that Defendant either collected, or attempted to collect, from Plaintiffs. A plaintiff's general assertions of "wrongful charges" are insufficient to state a claim under § 392.303(a)(2). *See Williams*, 560 F. App'x at 240 (finding the plaintiffs' general assertion of "wrongful charges" was insufficient to state claim under § 392.303(a)(2) where they failed to allege that imposition of charges was not authorized by the parties' agreement or legally chargeable to them); *Price v. U.S. Bank Nat. Ass'n*, No. 3:13-CV-175, 2014 WL 803722, at *6 (N.D. Tex. Feb. 28, 2014) (finding plaintiff's allegation that defendants' conduct violated § 392.303(a)(2) failed to state a claim without any specific facts in support). While the petition alleges that Plaintiffs were "unaware" of agreeing to an August 1, 2019 mortgage interest rate adjustment (*see* doc. 1-4 at 3), it does not allege that this adjustment was not permitted under the Note and Deed of Trust. *See Swim v. Bank of Am., N.A.*, No. 3:11-CV-1240-M, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012) (finding conclusory allegation that defendants imposed wrongful charges on plaintiffs' mortgage account was insufficient to put defendants on fair notice of plaintiffs' claim under § 392.303(a)(2)). In fact, the Deed of Trust includes an Adjustable Rate Rider that authorizes the Lender to adjust the interest rate and change Plaintiffs' monthly payment amount every six months. (*See* doc. 14-3 at 22-23.); *see, e.g., Verdin v. Federal Nat. Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013) (finding claim under § 392.303(a)(2) failed because the loan agreement

8

expressly authorized the bank to demand fees and charges in the event of default). Because Plaintiffs fail to allege facts showing that Defendant attempted to collect charges that are not authorized by the Note and Deed of Trust, its motion for judgment on the pleadings on their claim under § 392.303(a)(2) should be granted.

### 2. *Sections 392.304(a)(8) and (19)*

During debt collection, or in obtaining information concerning a consumer, § 392.304(a)(8) prohibits a debt collector from making "a fraudulent, deceptive, or misleading representation" that "misrepresent[s] the character, extent, or amount of a consumer debt, or misrepresent[s] the consumer debt's status in a judicial or governmental proceeding." *See* Tex. Fin. Code Ann. § 392.304(a)(8). To establish a violation of § 392.304(a)(8), a plaintiff must allege facts showing that the defendant made a false or misleading statement that "led him to think differently with respect to the character, extent, amount, or status of his debt." *Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). "Subsection 392.304(a)(19) operates effectively as a 'catch-all' provision, prohibiting a debt collector from 'using any [ ] false representation or deceptive means to collect a debt or obtain information concerning a consumer.' " *Sanghera*, 2012 WL 555155, at *8 (citing *id.* § 392.304(a)(19)); *see also Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 241-42 (5th Cir. 2014). "To violate the [TDCPA] using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading." *Verdin v. Federal Nat. Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013) (citations and quotations omitted).

Plaintiffs allege that Defendant engaged in conduct in violation of the TDCPA by "misrepresenting the character, extent, or amount of a consumer debt, as prohibited by [ ] § 392.304(8)," and by "using other false representations or deceptive means to collect a debt, as

9

prohibited by [ ] § 392.304(19)." (doc. 1-4 at 4.) Apart from their recitation of the statutory language, they fail to allege sufficient facts to plausibly show that Defendant violated §§ 392.303(a)(8) and (19). This failure alone warrants dismissal of any claims under these sections. *See Iqbal*, 556 U.S. at 678 (to survive dismissal, the complaint must provide sufficient "factual content [to] allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see, e.g. Wilson v. Wells Fargo Bank, N.A.*, No. 3:13-CV-2257-O, 2014 WL 815352, at *7 (N.D. Tex. Mar. 3, 2014) (finding dismissal of TDCPA claim warranted where plaintiff did not identify the specific provisions of §§ 392.303(a) or 392.304(a) or a particular "prohibited practice" that defendant allegedly violated); *Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012) (dismissing TDCPA claim where plaintiffs neither pointed to specific provisions that defendant allegedly violated, nor supplied sufficient facts to state a plausible claim for relief). Because Plaintiffs' § 392.303(a)(2) claim fails, Defendant's motion for judgment on the pleadings on this claim should be granted.[7]

## C.  **DTPA**

Defendant argues that Plaintiffs' DTPA claims fail because they are not "consumers" under the DTPA. (doc. 13 at 14-15.)

The elements of a cause of action under the DTPA are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); *see also* Tex. Bus. & Com. Ann. Code § 17.50(a)(1). The DTPA

---

[7]Defendant also moves for judgment on the pleadings on Plaintiffs' TDCPA claims on grounds that they fail to allege damages, or that it is a "debt collector" under the TDCPA. (*See* doc. 13 at 13.) Because the TDCPA claims are otherwise subject to dismissal, it is unnecessary to reach these arguments.

defines "consumer" in relevant part, as "an individual ... who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code Ann. § 17.45(4). To be a consumer, "a person must have sought or acquired goods or services by purchase or lease" and those goods or services "must form the basis of the complaint." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (citing *Cameron v. Terrell & Garrett*, 618 S.W.2d 535, 539 (Tex. 1981)). Because the lending of money is not a good or service, a borrower whose sole objective is to obtain a loan is not a consumer under the DTPA. *Walker v. Fed. Deposit Ins. Corp.*, 970 F.2d 114, 123 (5th Cir. 1992) (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169 (Tex. 1980)). "A mortgagor qualifies as a consumer under the DTPA," however, "if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Miller*, 726 F.3d at 724-25 (citing to *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705 (Tex. 1983) and *Riverside Nat'l Bank*, 603 S.W.2d at 175).

Here, Plaintiffs contend that Defendant "engaged in false, misleading and deceptive acts and practices" prohibited under §§ 17.46(a) and (b) of the DTPA when it (1) initiated and conducted foreclosure of the home after misrepresenting its services regarding mortgage assistance programs, (2) failed to review, or misrepresented its review, of their mortgage assistance application prior to foreclosure, and (3) failed to "credit [their] account with all moneys it collected from [them]." (doc. 1-4 at 4.) Plaintiffs fail to allege facts showing that they qualify as consumers under the DTPA. *See* Tex. Bus. & Com. Code Ann. § 17.45(4). Their claims are premised on Defendant's allegedly deceptive actions concerning the purported servicing of their mortgage and attempted foreclosure of the Property. *See Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 279 (5th Cir. 2014) ("[Plaintiff] is not a consumer under [the DTPA] because the basis of her claim is the subsequent

11

loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction."). They are not based on actions related to financing the purchase of the Property; Plaintiffs even allege that Defendant is not the holder of the Note. (*See* doc. 1-4 at 4.) Because Plaintiffs' DTPA claims are based on Defendant's allegedly deceptive actions concerning loan servicing and foreclosure activities, and not on conduct related to financing the purchase of the Property, they fail to state a claim for relief for violations of the DTPA. *See Rojas*, 571 F. App'x at 279; *Gatling v. CitiMortgage, Inc.*, No. H-11-2879, 2012 WL 3756581, at *13 (S.D. Tex. Aug. 28, 2012) (holding plaintiff was not a consumer under the DTPA where "her claim [was] based on acts occurring years after the financing transaction with [defendant]" and finding "how [plaintiff's] loan was administered–and the problems subsequently attending that administration–'is merely incidental to [her] prior objective to purchase a residence' "). Defendant's motion for judgment on the pleadings on Plaintiffs' DTPA claims should therefore be granted.[8]

**D.** <u>**Wrongful Foreclosure**</u>[9]

Defendant argues that Plaintiffs' claim for wrongful foreclosure fails because no foreclosure sale has occurred. (*See* doc.13 at 16.)

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, and unfairness in foreclosure proceedings. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex.

---

[8]Defendant also moves for judgment on the pleadings on Plaintiffs' DTPA claims because Plaintiffs fail to allege damages from any alleged DTPA violation. (*See* doc. 13 at 13.) Because the DTPA claims are otherwise subject to dismissal, it is unnecessary to reach this argument.

[9]Defendant's motion also seeks dismissal of Plaintiffs' breach of contract claim based on their allegations that it violated § 51.002 of the Texas Property Code. Because the Texas Property Code is not a contract, and there are no allegations that this statutory provision was expressly incorporated into a contract between Defendant and Plaintiffs, their allegations regarding Defendant's alleged violation of the Texas Property Code are properly construed as asserting a wrongful foreclosure claim rather than a breach of contract claim. Accordingly, Defendant's arguments regarding a breach of contract claim need not be addressed.

2001) (citing 30 Tex. Jur. 3d Deeds of Trusts and Mortgages § 177 (1998)). In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011). The plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Hurd*, 880 F. Supp. 2d at 766 (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). A procedural defect may occur when the foreclosing party either "fails to comply with statutory or contractual terms," or "complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Matthews*, 2011 WL 3347920, at *2. Nevertheless, recovery is not available merely by showing a defect in the foreclosure process; "it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp.2d 725, 729 (N.D. Tex. 2011); *see also Medrano v. BAC Home Loans Servicing, LP*, No. 3:10-CV-02565-M (BF), 2012 WL 4174890, *3 (N.D. Tex. Aug. 10, 2012) ("An attempted wrongful foreclosure is not an action recognized under Texas law.").

Plaintiffs' petition does not state any facts supporting the elements of a wrongful foreclosure action. Their request for injunctive relief to stop a foreclosure sale establishes that the Property has not been sold, which negates the existence of facts showing that the Property has been sold for a grossly inadequate price. *See Lucas v. Ocwen Home Loan Servicing*, No. 3:13-CV-1057-G, 2014 WL 7059274, at *8 (N.D. Tex. Nov. 21, 2014), *adopted by* 2014 WL 7146033 (N.D. Tex. Dec. 12, 2014) (finding mortgagee failed to state a wrongful foreclosure claim where the Property had not been sold); *Garcia v. Bank of Am., N.A.*, No. 4:14-CV-2160, 2015 WL 12808271, at *4 (S.D. Tex.

13

Mar. 23, 2015) ("[Plaintiff] has not alleged a violation of the Texas Property Code because no foreclosure has occurred."). Accordingly, Defendant's motion for judgment on the pleadings on the wrongful foreclosure claim against it should be granted.[10]

### E.     Injunctive Relief

Defendant moves for judgment on the pleadings on Plaintiffs' request for injunctive relief on the ground that they have failed to bring any viable claims against it. (doc. 9 at 26.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, *inter alia*, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Plaintiffs seek to enjoin Defendant from foreclosing on, and evicting them from, the Property. (doc. 1-4 at 7-8.)  Because Plaintiffs' substantive claims are subject to dismissal on the merits, they cannot establish any likelihood of success on the merits. *See Jackson*, 2011 WL 3874860, at *3. Plaintiffs' request for injunctive relief should be denied.

### III.  *SUA SPONTE* DISMISSAL

The petition requests that Defendant be ordered to "restore all money or property taken from Plaintiff[s] . . . by means of unlawful acts or practices." (*See* doc. 1-4 at 5.)  Liberally construed, Plaintiffs' petition appears to assert a claim for declaratory judgment.  While Defendant's motion does not address this claim, the Court may *sua sponte* dismiss it under Rule 12(b)(6) for failure to state a claim as long as Plaintiffs have notice of the Court's intention and an opportunity to respond.

---

[10]Defendant also moves for judgment on the pleadings on Plaintiffs' wrongful foreclosure claim on the ground that it is not the mortgagee under Plaintiffs' loan. (*See* doc. 13 at 16.)  Because the wrongful foreclosure claim is otherwise subject to dismissal, it is unnecessary to reach this argument.

*See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiffs with notice and an opportunity to respond. *See Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 6, 2008).

The Declaratory Judgment Act (the Act) allows a federal court to declare the rights and legal relations of any interested party. *See* 28 U.S.C. § 2201. Because the Act does not create a substantive cause of action, the plaintiff's ability to obtain declaratory relief depends on the "adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009). Accordingly, a declaratory judgment is unavailable where there is no viable claim for relief. *See Franklin v. BAC Home Loans Servicing, LP*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012), *adopted by* 2012 WL 2688809 (N.D. Tex. July 5, 2012) (citation omitted).

As discussed, Plaintiffs fail to state a plausible substantive claim for relief or show that a present genuine controversy exists between the parties. *See Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (denying plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and defendant); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5-6 (N.D. Tex. Aug. 16, 2011), *aff'd by* 514 F. App'x 513, 2013 WL 657772 (5th Cir. 2013) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim). The petition therefore fails to state a claim in support of declaratory relief, and it should be dismissed *sua sponte*.

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, although Plaintiffs have not amended their petition since filing this action, they failed to file a response to the motion for judgment on the pleadings after being specifically invited to do so. (*See* doc. 15.) Nevertheless, it does not appear that Plaintiffs have stated their best case with respect to any of their claims. They should accordingly be offered an opportunity to amend their petition to sufficiently state a claim for relief.

## V. RECOMMENDATION

If Plaintiffs do not file an amended complaint that states a claim for relief within the 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, Defendant's motion for judgment on the pleadings should be **GRANTED**, and all of Plaintiffs' claims against

16

it should be dismissed with prejudice.[11]  If Plaintiffs timely file an amended complaint, however, the motion for judgment on the pleadings should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

    **SO RECOMMENDED** on this 10th day of June, 2020.

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[11] Because it has been recommended that Defendant's motion for judgment on the pleadings be granted, it is unnecessary to reach its motion for summary judgment.